El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
Mediante el recurso de epígrafe debemos determinar si el Procurador del Ciudadano, mejor conocido como “Ombudsman”, y el Procurador de Pequeños Negocios ostentan *807 la facultad para comparecer por sí ante los tribunales. En vista de que la Ley del Procurador del Ciudadano {Ombudsman), Ley Núm. 134 de 30 de junio de 1977 (2 L.P.R.A. see. 701 et seq.) (Ley Núm. 134), y la Ley de Fle-xibilidad Administrativa y Reglamentaria para los Peque-ños Negocios, Ley Núm. 454 de 28 de diciembre de 2000 (L.F.A.R.), 3 L.P.R.A. see. 2251 et seq., son claras al no re-conocer esta facultad a los funcionarios aludidos, contesta-mos esta interrogante en la negativa. Por ello, revocamos la sentencia del Tribunal de Apelaciones que, en este caso, resolvió lo contrario.
I
En 2007, el Procurador del Ciudadano y el Procurador de Pequeños Negocios presentaron ante el Tribunal de Pri-mera Instancia varios recursos de mandamus contra algu-nas agencias del Gobierno. Ante nuestra consideración se encuentran los recursos presentados contra los jefes de agencia del Departamento de Hacienda, del Departamento de Recursos Naturales y Ambientales y de la Junta de Planificación. En esencia, el Procurador del Ciudadano y el Procurador de Pequeños Negocios alegaron en estas de-mandas que los jefes de esas agencias incumplieron con el Art. 10 de la L.F.A.R., 3 L.P.R.A. see. 2259. Según expusie-ron, este artículo le impone a los funcionarios el deber de revisar periódicamente todos aquellos reglamentos que afecten a los pequeños comerciantes y que tengan cinco años o más a partir de su aprobación, así como de infor-marle a éstos sobre todo aquel reglamento que se apruebe y que tenga un impacto económico significativo sobre un número sustancial de pequeños negocios.
Por su parte, el Estado Libre Asociado de Puerto Rico y el Secretario de Hacienda presentaron una moción de des-estimación por falta de jurisdicción en cada uno de los *808 recursos. A tales efectos, argüyeron que el Procurador del Ciudadano y el Procurador de Pequeños Negocios no tie-nen la capacidad jurídica para demandar y ser demandados. Además, argumentaron que el remedio ex-traordinario mediante el cual se les demandó es improce-dente, pues la vía procesal para la impugnación de regla-mentos es, a su juicio, la revisión judicial ante el Tribunal de Apelaciones, como alegaron que establece el Art. 11 de la L.F.A.R., 3 L.P.R.A. see. 2260.
El Procurador del Ciudadano y el Procurador de Peque-ños Negocios se opusieron a la desestimación de los recur-sos de mandamus, pues, según éstos, el deber ministerial de los jefes de agencia surgía del Art. 10 de la L.F.A.R., supra. Asimismo, expresaron que su capacidad jurídica emana de sus leyes habilitadoras, las cuales los facultan para tomar cualquier medida necesaria para cumplir con sus funciones.
Luego de otros trámites, el Tribunal de Primera Instan-cia emitió tres sentencias parciales esencialmente idénti-cas en las que concluyó que, a pesar de que la Ley Núm. 134, supra, no le confiere expresamente al Procurador del Ciudadano la facultad para instar demandas ante los tribunales, este funcionario es quien nombra al Procurador de Pequeños Negocios, el cual sí está facultado para acudir ante el foro judicial. (1) Sobre este particular, determinó que el Procurador de Pequeños Negocios tiene la capacidad ju-rídica para comparecer por sí ante los tribunales, según los Arts. 11 y 12 de la L.F.A.R. (3 L.P.R.A. sees. 2260-2261). Según el foro de instancia, la capacidad jurídica del Procu-rador de Pequeños Negocios surge de la propia ley, ya que el Art. 12 de la L.F.A.R., supra, lo faculta para comparecer *809 ante el tribunal como amigo de la corte (amicus curiae) en casos de revisión judicial. En ese sentido, el tribunal inter-pretó que este artículo no limita la facultad del Procurador de Pequeños Negocios para comparecer ante los tribunales solamente mediante ese tipo de función.
No obstante, el foro primario señaló que el Art. 11 de la L.F.A.R., supra, dispone que el procedimiento exclusivo para impugnar la validez de una regla o un reglamento que ha sido adoptado contra lo dispuesto en la L.FA.R. es la revisión judicial ante el Tribunal de Apelaciones. Por lo tanto, concluyó que no tenía jurisdicción sobre los recursos en cuestión.
Por entender que el Tribunal de Primera Instancia erró al reconocerle capacidad a ambos procuradores para com-parecer ante los tribunales, el Estado presentó tres recur-sos de certiorari ante el Tribunal de Apelaciones y señaló varios errores. En síntesis, alegó que el Tribunal de Pri-mera Instancia había errado al concluir que el Procurador del Ciudadano y el Procurador de Pequeños Negocios tie-nen capacidad jurídica para comparecer ante los tribunales con el propósito de imputar violaciones a la L.F.A.R. Luego de consolidar los recursos, el Tribunal de Apelaciones de-terminó que tanto el Procurador del Ciudadano como el Procurador de Pequeños Negocios tienen la facultad de comparecer por sí mismos ante los tribunales. Más aún, concluyó que estos funcionarios pueden presentar recursos de mandamus ante el Tribunal de Primera Instancia para exigir el cumplimiento de la L.F.A.R. Por ende, decidió que el foro primario tenía jurisdicción para dirimir los recursos de mandamus presentados por los respectivos procuradores. Por tal razón, devolvió el caso al foro prima-rio para que continuaran los procedimientos según lo resuelto.
Insatisfechos, el Estado acude ante nos mediante un re-curso de certiorari y señala la comisión de varios errores por parte del foro apelativo intermedio. En esencia, alega *810 que el Tribunal de Apelaciones erró al reconocerle capaci-dad jurídica tanto al Procurador del Ciudadano como al Procurador de Pequeños Negocios, a los efectos de compa-recer por sí ante los tribunales para que se les ordene a los funcionarios gubernamentales concernidos el cumpli-miento de la L.F.A.R.
Examinado el recurso, acordamos expedir. Con el bene-ficio de la comparecencia de las partes, procedemos a resolver.
II
Como es sabido, en el ámbito administrativo, la ley es la fuente de poder de una agencia administrativa para velar por el debido cumplimiento de su ley habilitadora. Caribe Comms., Inc. v. P.R.T.Co., 157 D.P.R. 203, 211 (2002). Por lo tanto, las facultades que tiene una agencia administrativa para actuar están limitadas por el estatuto orgánico o la ley habilitadora aprobada por la Asamblea Legislativa. Comisionado de Seguros v. PRIA, 168 D.P.R. 659, 666 (2006). Esa delimitación de poderes precisa la acción administrativa y las circunstancias en las que puede actuar la agencia. D. Fernández Quiñones, Derecho administrativo y Ley de Procedimiento Administrativo Uniforme, 2da ed., Bogotá, Ed. Forum, 2001, pág. 517.
En este caso debemos, por ende, examinar la Ley Núm. 134, así como la L.F.A.R, para determinar si el Procurador del Ciudadano y el Procurador de Pequeños Negocios están facultados para comparecer por sí ante los tribunales.
III
A. La figura del Procurador del Ciudadano se estableció en Puerto Rico mediante la Ley Núm. 134, supra. Así, se introdujo a nuestra jurisdicción un funcionario que tiene la finalidad principal evitar que la burocratización de *811 nuestro sistema administrativo vulnere los derechos de los ciudadanos. A estos efectos, la Oficina del Procurador del Ciudadano es la institución a donde las personas pueden acudir cuando entienden que el Estado no ha procedido debidamente en el ámbito administrativo. El Procurador del Ciudadano es, precisamente, el encargado de velar por los intereses de los ciudadanos ante los posibles excesos de las entidades gubernamentales. Véase Exposición de Motivos de la Ley Núm. 134 (1997 Leyes de Puerto Rico 412-413). Véase, además, A.J. Wyner (editor), Executive Ombudsmen in the United States, California, Inst. Governmental Studies, 1973, págs. 3 — 13.
Entre las funciones que la Asamblea Legislativa le confirió al Procurador del Ciudadano mediante la Ley Núm. 134, se destaca la investigación de las reclamaciones de ciudadanos respecto a:
[C]ualquier acto administrativo que aparente ser:
(a) Contrario a la ley o reglamentos;
(b) irrazonable, injusto, arbitrario, ofensivo o discriminato-rio;
(c) basado en un error de hecho o en motivos improcedentes e irrelevantes;
(d) no esté acompañado de una adecuada exposición de ra-zones cuando la ley o los reglamentos lo requieran, o
(e) ejecutado en forma ineficiente o errónea. 2 L.P.R.A. see. 713.
Para llevar a cabo esta tarea, el legislador facultó al Procurador del Ciudadano para, entre otras cosas, “to-mar juramentos y declaraciones, ordenar la comparecencia y declaración de testigos y requerir la presentación de cualesquiera papeles, libros, documentos y otra evidencia”. 2 L.P.R.A. see. 715. A su vez, si un testigo que fue debidamente citado no comparece a testificar, el Procurador del Ciudadano, por sí o a través del Secretario de Justicia, podrá acudir ante el Tribunal de Primera Instancia para que éste ordene su comparecencia y declaración, o la producción de la evidencia requerida. Id. Por lo tanto, la Ley *812 Núm. 134, supra, le concede al Procurador del Ciudadano la facultad para comparecer por sí, o mediante el Secreta-rio de Justicia, ante el foro primario, a los efectos de que el tribunal ordene la comparecencia de un testigo debida-mente citado o el suministro de la prueba requerida por este funcionario.
De otra parte, el Art. 18 de la Ley Núm. 134 dis-pone que “[e]l Ombudsman podrá, en casos de violaciones de ley, civiles o criminales, solicitar del Secretario de Justicia que comparezca ante los tribunales de Puerto Rico a incoar los procedimientos que en derecho corresponden”. 2 L.P.R.A. see. 718. Es decir, ante actuaciones gubernamentales que sean contrarias a la ley, el estatuto no le reconoce al Procurador del Ciudadano la facultad de acudir ante los tribunales, sino que podrá solicitarle al Secretario de Justicia que inicie los procedimientos judiciales que procedan en Derecho. Por ende, la Ley Núm. 134 sólo faculta al Procurador del Ciudadano a acudir a los tribunales por sí para que el foro judicial ordene la comparecencia de un testigo debidamente citado por este funcionario, o la producción de la evidencia requerida por él.
De hecho, resulta pertinente señalar que del historial legislativo de la Ley Núm. 134 se deduce que el proyecto de ley original le concedía plena capacidad al Procurador del Ciudadano para acudir por sí ante los tribunales. La dis-posición establecía lo siguiente:
El Procurador del Ciudadano (Ombudsman) queda facul-tado para comparecer a los Tribunales de Justicia e iniciar la acción judicial que estime conveniente en el caso de violacio-nes de ley, civil o criminal, e interponer cualesquiera remedios legales que fueren necesarios para hacer efectivas las deter-minaciones y conclusiones de sus investigaciones, así como para hacer cumplir las reglas, reglamentos, órdenes, resolu-ciones y determinaciones de la Oficina del Procurador General del Ciudadano (Ombudsman). Art. 20 del P. de la C. Núm. 63, Ira Sesión Ordinaria, 8va Asamblea Legislativa.
De lo anterior se desprende que, en el texto original de *813 la pieza legislativa, el legislador contempló proveer una amplia facultad al Procurador del Ciudadano para que compareciera por sí ante los foros judiciales, para vindicar las violaciones de ley proferidas a los ciudadanos. Sin embargo, al aprobar la Ley Núm. 134, esta disposición se omi-tió y, en cambio, solamente se facultó al Procurador del Ciudadano a acudir por sí a los tribunales para requerir la comparecencia de un testigo debidamente citado o para exigir el suministro de la prueba requerida a base de sus investigaciones.
B. Por otro lado, el cargo de Procurador de Pequeños Negocios fue creado mediante el Art. 7 de la Ley Núm. 134 (2 L.P.R.A. see. 707). Este funcionario le responde directamente al Procurador del Ciudadano. Sus facultades y poderes están delimitados por la L.F.A.R. Este cargo se creó, principalmente, para velar por los derechos e intereses de los pequeños negocios ante las acciones regulatorias que los afecten. Para esto, el legislador estableció en el Art. 13 de la L.F.A.R., que:
(1) Salvo de otra manera establecido por ley, y mediante solicitud escrita por cualquier pequeño negocio, el Procurador tendrá la facultad de:
(a)Representar y defender, si entendiese que amerita, a cualquier pequeño negocio, durante cualquier procedimiento de adjudicación o cualquier procedimiento adversativo.
(2) El Procurador podrá también:
(a) Abogar y negociar sobre cualquier materia relacio-nada con y que promueva el interés de las pequeñas empresas.
(b) Llevar a cabo investigaciones para asegurar la infor-mación necesaria para la administración de cualquier provi-sión en este capítulo.
(c) Tendrá la facultad de tomar cualquier medida necesa-ria para llevar a cabo los propósitos de este capítulo. (Enfasis suplido.) 3 L.P.R.A. see. 2262.
Del texto de la disposición de ley citada se deduce que el Procurador de Pequeños Negocios sólo está facultado para representar y defender a un pequeño negocio en un proce-dimiento adjudicativo o adversativo cuando medie una so- *814 licitud escrita de éste. Por ende, el promovente de la acción o el procedimiento es el pequeño negocio, no el Procurador.
Por otra parte, del citado Art. 13 también surge que ese funcionario está facultado para abogar y negociar asuntos relativos a los pequeños negocios y sus intereses, así como para realizar las investigaciones necesarias para el cumplimiento de la L.F.A.R. Además, el inciso (2)(c) de la disposición faculta al Procurador de Pequeños Negocios para tomar cualquier medida necesaria para llevar a cabo los propósitos de la ley. Esta facultad, sin embargo, debe ser interpretada conjuntamente con las demás disposiciones que componen esta ley. Es decir, debemos tomar en cuenta las instancias en las que el legislador ha facultado al Procurador de Pequeños Negocios a proceder de determinada manera.
Por otro lado, la L.F.A.R. preceptúa otra circunstancia en la cual el Procurador de Pequeños Negocios está facultado a comparecer ante los foros judiciales. Al respecto, el Art. 12 de ]a L.F.A.R., supra, en lo pertinente, dispone que el Procurador de Pequeños Negocios:
[Ejstará autorizado a participar como amigo del tribunal {amicus curiae) en casos traídos para revisión judicial en cual-quiera de estas acciones. El Procurador podrá presentar su punto de vista sobre el cumplimiento del capítulo, la [adecuación] del procedimiento para redactar el reglamento y el impacto del reglamento en pequeñas entidades.
El tribunal puede autorizar la comparecencia del Procura-dor en cualquier acción judicial descrita en el párrafo anterior de esta sección. 3 L.P.R.A. see. 2261.
Así, la ley le confirió la facultad al Procurador de Peque-ños Negocios para comparecer como amigo de la corte {ami-cus curiae) en los procedimientos de revisión judicial. Sin embargo, esto no equivale a facultarlo para comparecer por sí a los tribunales a vindicar derechos, pues ésta no es la función de la figura del amigo de la corte. Por ende, me- *815 diante esta disposición sólo se le concede al Procurador de Pequeños Negocios el poder de ilustrar e informar al foro judicial sobre aquellos aspectos que requieran un conoci-miento especializado.
IV
Con estos preceptos en mente, pasemos a examinar si en este caso de autos, los Procuradores del Ciudadano y de Pequeños Negocios tenían la facultad de acudir por sí ante el Tribunal de Primera Instancia a exigir el cumplimiento de las disposiciones de la L.P.A.R. Según he-mos expresado en el pasado, como cuestión de umbral en la metodología hermenéutica, ante un lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de la intención legislativa. Ortiz v. Municipio San Juan, 167 D.P.R. 609, 617 (2006). De acuerdo con el Art. 14 de nuestro Código Civil, de entrada debemos acudir al texto de la ley, pues cuando éste es claro y libre de ambigüedad, no debe ser menospreciado con el pretexto de cumplir su espíritu. 31 L.P.R.A. sec. 14; Irizarry v. J & J Cons. Prods. Co., Inc., 150 D.P.R. 155, 164 (2000).
Según indicamos, el Art. 18 de la Ley Núm. 134, supra, le permite al Procurador del Ciudadano solicitarle al Se-cretario de Justicia que comparezca ante los tribunales de Puerto Rico a presentar los procedimientos que en derecho correspondan cuando el Procurador entienda que hubo vio-laciones a la ley. Como vimos, en el proyecto de ley original que se convirtió en la Ley Núm. 134, se incluía una dispo-sición que facultaba al Procurador del Ciudadano a compa-recer por sí a vindicar derechos de terceros. No obstante, esta facultad no le fue finalmente conferida al aprobarse esta ley. Es decir, al descartar el lenguaje original, el legis-lador dispuso claramente que, en estos casos, el Secretario de Justicia es quien único puede acudir a los tribunales, a *816 solicitud del Procurador del Ciudadano, para vindicar vio-laciones de ley, tanto civiles como criminales.
Por otro lado, el Art. 15 de la Ley Núm. 134, supra, le concedió al Procurador del Ciudadano la potestad de comparecer al Tribunal de Primera Instancia sólo en las dos circunstancias expresamente mencionadas en la ley, a saber, para requerir la comparecencia de un testigo que fue debidamente citado y para ordenar el suministro de la prueba requerida. Sin embargo, la ley no lo faculta para comparecer por sí mismo a vindicar derechos de terceros ni alegaciones de violaciones de ley ante los foros judiciales. Por ende, y ante el texto claro de la Ley Núm. 134, es sólo en las situaciones mencionadas que el Procurador del Ciudadano podrá comparecer por sí ante los tribunales.
No obstante, es preciso notar que el Art. 19 de la Ley Núm. 134 (2 L.P.R.A. see. 719) dispone los remedios que tiene el Procurador del Ciudadano cuando un funcionario o empleado de una agencia está incumpliendo con sus deberes. Este artículo dispone:
Si el Ombudsman determinase que cualquier funcionario o empleado de una agencia ha faltado, sin justificación razona-ble, al cumplimiento de los deberes propios de su cargo o em-pleo o que ha sido negligente en el desempeño de los mismos, así deberá notificarlo a las autoridades, organismos o foros administrativos competentes para que éstos procedan al respecto. Id.
De la disposición anterior surge que ante el incumpli-miento de algún funcionario o empleado de una agencia con sus deberes, el Procurador del Ciudadano puede infor-mar este incumplimiento a las autoridades y los organis-mos administrativos correspondientes, para que sean éstos quienes procedan conforme a derecho. Por lo tanto, la ley provee un mecanismo administrativo para denunciar el in-cumplimiento de aquellos funcionarios y empleados de agencia que incumplan con los deberes y las obligaciones conferidos por la L.P.A.R.
*817 No obstante, como vimos, si el Procurador del Ciuda-dano entiende que algún funcionario ha incumplido una ley, y desea un remedio judicial ante ese incumplimiento, entonces debe acudir a los tribunales mediante el Secreta-rio de Justicia. En el caso ante nuestra consideración, el Procurador del Ciudadano concluyó, precisamente, que los referidos jefes de agencia no estaban cumpliendo con las disposiciones del Art. 10 de la L.EA.R., supra. Por lo tanto, para que este incumplimiento se dirima en el foro judicial, el Procurador del Ciudadano puede solicitarle al Secretario de Justicia que presente la acción que estime procedente en derecho, mas no puede hacerlo por sí.
Por otro lado, la situación del Procurador de Pequeños Negocios es diferente a la del Procurador del Ciudadano, pues de acuerdo con el Art. 13 de la L.F.A.R., supra, el Procurador de Pequeños Negocios está facultado para re-presentar y defender, de entenderlo meritorio, a cualquier pequeño negocio durante cualquier procedimiento adjudi-cativo o adversativo, siempre que el pequeño negocio se lo solicite por escrito. De no mediar esta solicitud, el Procu-rador de Pequeños Negocios está impedido de comparecer por sí al tribunal a vindicar derechos de terceros.
A su vez, según decidimos en Centro Unido Detallista v. Com. Serv. Púb., 174 D.P.R. 174 (2008), la L.F.A.R. faculta a los pequeños negocios a acudir al Tribunal de Primera Instancia mediante un recurso de revisión judicial cuando un funcionario incumpla las disposiciones de algún reglamento sujeto a lo dispuesto en la ley. En específico, el Art. 11 de la L.F.A.R. dispone que “para cada reglamento sujeto a este capítulo, una pequeña empresa afectada adversamente o agraviada por la acción de una agencia puede recurrir a un recurso de revisión en los tribunales para evaluar el cumplimiento de la agencia”. 3 L.P.R.A. see. 2260. Para ejercer esta prerrogativa, la pequeña empresa tendrá hasta un año desde la fecha de la acción final de la agencia para solicitar la revisión judicial *818 ante el Tribunal de Primera Instancia. íd.; Centro Unido Detallista v. Com. Serv. Púb., supra.
En otras palabras, para impugnar la acción de una agencia administrativa respecto a los deberes impuestos por esta ley sobre los reglamentos sujetos a ésta, el Procurador de Pequeños Negocios debe contar con una solicitud escrita del pequeño negocio afectado y utilizar el mecanismo de revisión judicial ante el foro de instancia.
Evidentemente, en el caso de autos el Procurador de Pequeños Negocios no tenía la facultad para comparecer por sí a los tribunales y exigir el cumplimiento de la L.F.A.R. por parte de los demandados, ya que no medió una solicitud escrita por parte de alguno de los pequeños nego-cios afectados por el presunto incumplimiento por parte de los jefes de agencia concernidos. Al carecer de esa solicitud, el Procurador de Pequeños Negocios no está facultado para comparecer por sí ante los tribunales a exigir el cumpli-miento con la L.F.A.R.
De otra parte, el hecho de que la L.F.A.R. disponga en su Art. 13(2)(c), supra, que el Procurador de Pequeños Ne-gocios está facultado para tomar cualquier medida necesa-ria para llevar a cabo los propósitos del estatuto, no im-plica que este funcionario tenga la facultad para acudir ante los tribunales a vindicar derechos de terceros. Ello, pues, una interpretación de esa naturaleza resultaría in-congruente con las disposiciones que, según hemos discu-tido, regulan de forma específica la facultad del Procurador de Pequeños Negocios de acudir por sí ante los tribunales. Adviértase que el Art. 13(2)(c), supra, es una disposición general, mientras que, como hemos señalado, el inciso (a) del Art. 13(1), supra, dispone de manera particular sobre las facultades del Procurador de Pequeños Negocios. Por ende, no se desprende del texto de la ley que la Asamblea Legislativa haya facultado al Procurador de Pequeños Ne-gocios para estos fines.
*819 En conclusión, luego de examinar y analizar las dispo-siciones de ley correspondientes, concluimos que la Ley Núm. 134 y la L.F.A.R. no le conceden la facultad al Pro-curador del Ciudadano ni al Procurador de Pequeños Ne-gocios para comparecer por sí a exigir el cumplimiento de la Ley Núm. 134 y de la L.F.A.R. Como vimos, el Procura-dor del Ciudadano podrá, ante violaciones de leyes tanto civiles como penales, solicitar del Secretario de Justicia que proceda a incoar una acción ante los tribunales del país, pero la ley no lo faculta para hacerlo por sí mismo. A su vez, la L.F.A.R. faculta al Procurador de Pequeños Ne-gocios a defender y representar a un pequeño negocio sólo si este último se lo solicita por escrito. Además, podrá com-parecer como amigo de la corte en procesos de revisión judicial cuando sea necesario. Sin embargo, el legislador no le otorgó la facultad de comparecer por sí ante los tribuna-les a vindicar derechos de terceros.
Reconocemos la política pública que reviste tanto la L.F.A.R. como la Ley Núm. 134, respecto a la protección de los ciudadanos y los pequeños negocios ante los posibles incumplimientos con los referidos estatutos. Esta política pública, sin embargo, se cumple mediante las disposiciones específicas que hemos analizado anteriormente, que son los mecanismos que el legislador entendió como los más aptos para cumplir con la finalidad de ambas leyes. Por ende, concluimos que los pequeños negocios afectados por este presunto incumplimiento no quedan desprovistos de remedios en ley para exigir el cumplimiento de esta ley. Por todo lo anterior, ante la carencia de facultad de los Procuradores para acudir al foro judicial en el caso de autos, resolvemos que el Tribunal de Primera Instancia care-cía de la jurisdicción para atender los recursos presentados.
Al resolver que el Procurador del Ciudadano y el Procu-rador de Pequeños Negocios no tenían la facultad en ley para instar los procedimientos que dieron lugar al caso de *820 autos, resulta innecesario expresarnos sobre la proceden-cia de los recursos de mandamus presentados.
V
Por los fundamentos antes expuestos, se revoca la sen-tencia emitida por el Tribunal de Apelaciones y se desesti-man las demandas ante el Tribunal de Primera Instancia por carecer éste de jurisdicción para atenderlas.

Se dictará Sentencia de conformidad.

Los Jueces Asociados Señores Rivera Pérez y Martínez Torres, y la Juez Asociada Señora Pabón Charneco concu-rrieron con el resultado sin opinión escrita.

 Surge del expediente que anteriormente el Tribunal de Primera Instancia había expresado en una orden interlocutoria que la capacidad del Procurador del Ciudadano era evidente, pues según interpretó, en el caso Hernández Agosto v. Romero Barceló, 112 D.P.R. 407 (1982), este Tribunal le ha reconocido capacidad jurí-dica a las cámaras de la Asamblea Legislativa para comparecer por sí a vindicar derechos.